# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :

                     :       ID No. 1709010498

      v.              :       In and For Kent County

                     :

EDWARD HALE,          :

                     :

     Defendant.      :

## ORDER

Submitted: March 29, 2018
Decided:  April 4, 2018

On this 4th day of April 2018, having considered Defendant Edward Hale's (hereinafter "Mr. Hale's") motion to suppress and the probable cause affidavit submitted in support of the challenged warrant, it appears that:

1. On September 15, 2017, Trooper First Class Adkins of the Delaware State Police responded to a single vehicle collision near Camden. After obtaining a warrant for a blood draw, the State charged Mr. Hale with Driving a Vehicle Under the Influence of Alcohol and other traffic violations. Mr. Hale files a written motion challenging the legality of the blood draw, alleging that the affidavit does not set forth facts sufficient to justify a finding of probable cause.

2. The relevant facts alleged in the affidavit of probable cause include: (1) Trooper First Class Adkins is NHTSA certified; (2) Mr. Hale collided with a mailbox and then settled in a ditch on Steeles Ridge Road at 9:51 PM on the day of the incident; (3) no other vehicle was involved in the collision; (4) Trooper First Class Adkins observed Mr. Hale to have a strong odor of alcohol, glassy eyes and slurred speech; (5) Mr. Hale's performance in unspecified field tests evidenced "many signs" of

impairment; (6) Mr. Hale admitted to consuming two beers that night; and (7) Mr. Hale's on-scene breath sample yielded a calibrated PBT result of .137

3.  Mr. Hale argues that under the totality of the circumstances, these facts did not permit a magistrate to issue a warrant to seize his blood.  The Court disagrees.  He cites no authority in support of his motion.  Rather, he alleges that the four-corners of the affidavit do not support a finding of probable cause.  He also references additional facts not referenced in the affidavit.  Namely, he alleges that Mr. Hale correctly performed the alphabet and counting field sobriety tests.

4.  In reviewing this matter, the Court recognizes that the State must obtain a warrant to justify a blood draw absent exigent circumstances or consent.[1]  In evaluating the sufficiency of a warrant, this Court is required to give "great deference" to a magistrate's determination of probable cause and the review should not "take the form of a de novo review." [2]  The reviewing court, however, must determine whether the magistrate's decision "reflects a proper analysis of the totality of the circumstances."[3]  Affidavits of probable cause are subject to "much less rigorous standards than those governing the admissibility of evidence at trial . . ."[4]  Our Supreme Court has "eschewed a 'hypertechnical' approach to reviewing a search warrant affidavit."[5]  Unlike in a challenge of a warrantless seizure, in a motion to suppress challenging the validity of a search warrant, the defendant bears the burden of proving that the challenged search or seizure was unlawful.[6]

---

[1] *Flonnery v. State*, 109 A.3d 1060, 1065 (Del. 2015).
[2] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013).
[3] *Id.* (citation omitted).
[4] *Id.* at 1115.
[5] *Id.*
[6] *State v. Hackendorn*, 2016 WL 266360, at * 2 (Jan. 13, 2016) (citing *State v. Sisson*, 883 A.2d 868, 875 (Del. Super. 2005).  This approach is particularly appropriate given the U.S. Supreme Court's concern regarding lowering the deference due for warrants signed by neutral magistrates because non-lawyer police officers draft them.  *Holden*, 60 A.3d at 1114-1115(citing *Illinois v Gates*, 462 U.S.

5.  Here, the standards of Superior Court Criminal Rule 41(f) control and make it appropriate for the Court to decide the motion without an evidentiary hearing and without the need for a State response.  Mr. Hale's motion does not meet his burden on its face.  It is manifest within the four-corners of the affidavit that there was probable cause to issue a warrant in this matter.   Without more, a PBT result of .137 following a single car collision, together with an admission by a defendant of alcohol consumption provided the magistrate clear probable cause to issue the warrant.  Additional supportive facts including Mr. Hale's strong odor of alcohol, impaired speech, glassy eyes, and the allegation that his performance on field sobriety tests evidenced "many signs of impairment."

6.  Mr. Hale moved to present his motion out of time, and the Court granted that motion.   In order to preserve the trial dates, the Court had originally requested a response from the State by April 16, 2018.  After further opportunity to review the initial filing and the affidavit of probable cause, the Court determines pursuant to Superior Court Criminal Rule 41(f), that a response by the State will not be necessary.

WHEREFORE, for the aforementioned reasons, Defendant Edward Hale's motion to suppress is DENIED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark

---

213, 236). In contrast, in a suppression *hearing*, where the State has the burden of proof, the State is represented by counsel who is better able to address foundational and evidentiary technicalities.

3